UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY KEVIN LEE,

    Petitioner,

v.

Case Number 07-13782-BC
Honorable Thomas L. Ludington

SUSAN DAVIS,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Johnny Kevin Lee, presently confined at the Macomb Correctional Facility in New Haven, Michigan, filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 10, 2007. Petitioner was convicted by a jury in the St. Clair County Circuit Court of first-degree criminal sexual conduct, Mich. Comp Laws § 750.520b(1)(f); and being a fourth felony habitual offender, Mich. Comp Laws § 769.12. Petitioner was sentenced to twenty five to forty years in prison. Petitioner alleges that he was denied the effective assistance of trial counsel and that the prosecutor improperly elicited prior bad acts evidence. The respondent has filed an answer to the petition, asserting that the claims are procedurally defaulted and lack merit. The petition will be denied because the claims are procedurally defaulted.

**I**

Petitioner was convicted by a jury in the St. Clair County Circuit Court of sexually assaulting a woman in her apartment in Port Huron, Michigan. The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Lee*, No. 262329 (Mich. Ct. App. Dec. 28, 2006). The Michigan

Supreme Court declined to grant leave to appeal on February 23, 2007, because the application was filed more than fifty six days after the Michigan Court of Appeals had affirmed his conviction. *See* Letter from Inger Z. Meyer, Deputy Clerk of the Michigan Supreme Court, to Johnny Lee, Petitioner (Feb. 23, 2007); Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court (Mar. 17, 2008).[1] Petitioner requested reconsideration of the Michigan Supreme Court's rejection of his application for leave to appeal, but this was denied. *See* Letter from Inger Z. Meyer, Deputy Clerk of the Michigan Supreme Court, to Johnny Lee, Petitioner (Mar. 20, 2007).[2]

Petitioner now seeks a writ of habeas corpus, contending his trial counsel was ineffective because counsel did not request a hearing to challenge Petitioner's competence to stand trial even though Petitioner underwent surgery to treat a traumatic brain injury two months before trial, counsel elicited evidence that Petitioner had previously pleaded guilty to sexual assault against a different woman under similar circumstances, and counsel did not object when a detective offered opinion testimony concerning the claimant's credibility. Petitioner further contends that the trial court erred in admitting evidence of the earlier sexual assault conviction under Michigan Rule of Evidence 404(b) and that exceptional circumstances should excuse the late application for leave to appeal to the Michigan Supreme Court because the forms were mailed using the expedited legal mail system employed by the Michigan Department of Corrections.[3]

---

[1] *See* Respondent's Exhibits 1 and 2; [Dkt. # 6-2, 6-3].

[2] *See* Petitioner's Appendix C; [Dkt. # 1].

[3] Petitioner's third claim does not appear to be a substantive claim seeking habeas relief, but instead appears to be an argument offered to excuse his procedural default. To the extent that he seeks substantive relief on his third claim, he would not be entitled to relief. There is no federal constitutional right to an appeal. *See Abney v. U. S.*, 431 U.S. 651, 656 (1977); *see also Smith v. Robbins*, 528 U.S. 259, 270 n.5 (2000) (noting that the Constitution does not require states to provide appellate review in criminal cases). Where a habeas petitioner alleges a denial of his or her right to appeal a state criminal conviction, he or she is not entitled to federal habeas relief. *See Tate v. Livesay*, 612 F. Supp. 412, 413 (M.D. Tenn. 1984).

Respondent opposes the petitioner, contending the claims are procedurally defaulted because they were never fairly presented to the Michigan Supreme Court on direct appeal.

## II

If a state prisoner's federal habeas claims were denied in state court pursuant to an independent and adequate state procedural rule, federal habeas review of those claims is likewise barred. The federal district court should reach the merits of such procedurally defaulted claims only if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or that refusal to review the merits of the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 752, if he does not present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he does not comply with a state procedural rule that required him to have done something at the trial court level to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust*, 17 F.3d at 162; *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A habeas petitioner procedurally defaults a claim if he fails to raise it in an application for discretionary review with the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim raised in the state court of appeals but not in the state supreme court cannot be considered in federal habeas review. *See Harris v. Stegall*, 157 F. Supp. 2d 743, 750 (E.D. Mich.

2001).

Under Michigan Court Rule 7.302(C)(3), Petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Petitioner's conviction was affirmed by the Michigan Court of Appeals on December 28, 2006. Accordingly, Petitioner had until February 22, 2007, to timely file an application for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court rejected Petitioner's delayed application for leave to appeal because Petitioner's application was received by that court on February 23, 2007, beyond the fifty six day time period. Therefore, Petitioner has procedurally defaulted his claims. *See Bell v. Smith*, 114 F. Supp. 2d 633, 637 (E.D. Mich. 2000).

Petitioner contends that the default should be excused because he gave his application for leave to appeal to the prison authorities to mail on February 20, 2007. Petitioner contends that according to a conversation that he had with someone at the U.S. Post Office, "the only reason it did not go out that day was because of the holiday the day before that caused them to hold regular mail and only process Registered, Overnight, and Express Mail." Pet. at 10; [Dkt. # 1].

Petitioner contends the application was timely pursuant to the "prison mailbox rule," *Houston v. Lack*, 487 U.S. 266, 276 (1988), because he placed his application for leave to appeal in the prison mail system on February 20, 2007. Michigan, however, does not recognize the prison mailbox rule, *see Dorn v. Lafler*, 601 F.3d 439, 444 (6th Cir. 2010); *Moore v. Dep't of Corrs.*, 615 N.W.2d 212, 212 (Mich. 2000) (Corrigan, J., concurring); *Walker-Bey v. Dep't of Corrs.*, 564 N.W.2d 171 (Mich. Ct. App. 1997), nor is it required by the U.S. Constitution. *See Houston*, 487 U.S. at 276. The *Houston* Court relied on an interpretation of the word "filed" in the federal rule

4

and statute governing the timeliness of notices of appeal, not the principles of equity embodied in the Due Process Clause. *Jenkins v. Burtzloff*, 69 F.3d 460, 461 (10th Cir. 1995). Although the Court include some "policy arguments" and discussed the "notion of fairness," the opinion contained no explicit references to the Due Process Clause. *Nigro v. Sullivan*, 40 F. 3d 990, 995 n.1. (9th Cir. 1994).

In *Maples v. Stegall*, 340 F.3d 433, 439 (6th Cir. 2003), the Sixth Circuit acknowledged that the prison mailbox rule enunciated in *Houston* is not binding on Michigan courts. Nevertheless, the Sixth Circuit concluded that the petitioner had demonstrated cause for his procedural default in failing to timely file leave to appeal to Michigan Supreme Court, where the petitioner had completed his application five days before the filing deadline, and he attempted to submit it to prison officials at that time. *Id.* In *Maples*, the habeas petitioner called the prison mail room five days before the deadline to file his application for leave to appeal with the Michigan Supreme Court to inquire about postage rates. *Id.* at 435. The petitioner was told by the prison mail room to call back two days later, which he did. The petitioner then delivered his application for leave to appeal to the mail room either two or three days before the filing deadline, and the application arrived at the court one day late. *Id.* The Sixth Circuit noted: "[I]f the prison had accepted and mailed Maples's petition when he first attempted to deliver it—five days before the states deadline—we have no doubt that it would have been timely delivered in the normal course of events." *Id.* at 439. The Sixth Circuit reasoned that "[t]he prison officials' inaction . . . present[ed] an objective factor external to the defense that impeded efforts to comply with the State's procedural rule." *Id.* (internal quotations omitted).

Petitioner's case is materially distinguishable from *Maples* for two reasons. First, Petitioner delivered his application for leave to appeal to the prison mail room only two days before the

5

deadline, rather than five days. Therefore, unlike the Sixth Circuit in *Maples*, this Court cannot say there is "no doubt" the application for leave to appeal would have arrived on time to the Michigan Supreme Court had the prison officials acted promptly. *See Donnal v. Sheets*, No. 3:08 CV 932, 2009 WL 3126404, at *3 (N.D. Ohio Sept. 24, 2009). Second, Petitioner has presented no evidence to suggest that the prison mail room did not act promptly in mailing Petitioner's materials. *Id.* A showing of cause by a habeas petitioner requires more than "the mere proffer of an excuse." *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). A Petitioner must present affirmative evidence or argument as to the precise cause and the prejudice produced. *Id.* at 764.

Indeed, Petitioner has attached to a letter to his petition that he sent to the prison mail room on March 4, 2007. In this letter, Petitioner was informed, in response to his question, that his application for leave to appeal was sent from the prison mail room on February 20, 2007, the day that he delivered it to prison officials for mailing.[4] Because there is no evidence that the prison officials delayed in mailing Petitioner's application for leave to appeal to the Michigan Supreme Court, Petitioner's case is distinguishable from the petitioner's case in *Maples*. Petitioner has not established cause to excuse the untimely filing of his application for leave to appeal with the Michigan Supreme Court. Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the question of prejudice. *Smith v. Murray*, 477 U.S.527, 533 (1986); *Long v. McKeen*, 722 F. 2d 286, 289 (6th Cir. 1983).

In an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray*, 477 U.S. at 479-80.

---

[4] *See* Letter attached as part of Petitioner's Appendix C.

However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner must also show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

Although Petitioner claims that he is actually innocent of the crime, Petitioner has offered no evidence or argument in support of his actual innocence claim. Petitioner's conclusory claim of actual innocence is insufficient to excuse the procedural default of his claims. *See Ray v. Simmons*, 125 F. App'x 943, 946 (10th Cir. 2005). Because Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review Petitioner's procedurally defaulted claims on the merits. *Wolfe v. Bock*, 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006).

### III

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court

erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Because a plain procedural bar is present, no further appeal is warranted in this case. *Harris*, 157 F. Supp. 2d at 751. Accordingly, a certificate of appealability will not be granted in this case. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. See Fed. R. App. P. 24(a).

## IV

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [Dkt # 1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed in forma pauperis on appeal is **DENIED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 3, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 3, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS